UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LESLIE ORTEGA and RICHARD TREJO,

                              Plaintiffs,

       -against-

THE CITY OF NEW YORK, DET. ANGEL DALIZ,
Shield No. 6826, Individually and in his Official Capacity,
U.C. "JOHN DOE", Individually and in his Official Capacity
(the name John Doe being fictitious, as the true names are
presently unknown),

                           Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**07 CV 9688**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiffs, LESLIE ORTEGA and RICHARD TREJO, by their attorney, Jon L. Norinsberg, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.     Plaintiffs brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.	Plaintiffs respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.	Plaintiffs are Hispanic males and were at all relevant times residents of the City, County and State of New York.

7.	Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.	At all times hereinafter mentioned, the individually named defendants, DET. ANGEL DALIZ, U.C. "JOHN DOE" and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.	At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.	Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12.	Each and all of the acts of the defendants alleged herein were done by said

defendants while acting in furtherance of their employment by defendant City of New York.

## **FACTS**

13. On July 19, 2006 at approximately 7:30 pm, plaintiffs LESLIE ORTEGA and RICHARD TREJO were lawfully present at the location of 174th Street and St. Nicholas Avenue, in the City, County and State of New York.

14. At the aforesaid time and place, plaintiffs were suddenly accosted by several members of the New York City Police Department.

15. Plaintiffs thereafter were arrested and charged with, <u>inter alia</u>, selling drugs to an undercover police officer in exchange for U.S. currency.

16. Plaintiffs had not bought, sold or possessed any drugs on July 19, 2006.

17. Defendants did not recover any drugs or pre-recorded buy money from plaintiff LESLIE ORTEGA.

18. Defendants did not recover any drugs or pre-recorded buy money from plaintiff RICHARD TREJO.

19. Notwithstanding the lack of any evidence, defendants arrested plaintiffs and charged them with committing multiple drug-related offenses.

20. In connection with this arrest, defendants filled out false police reports and forwarded these false reports to prosecutors in the New York County District Attorney's Office.

21. As a result of defendants' unlawful actions, plaintiff LESLIE ORTEGA spent approximately 6 days in jail, and RICHARD TREJO spend approximately 2 days in jail.

22. In addition, both plaintiffs were subjected to an unlawful full-body strip-search while in the defendants' custody at the 33rd Precinct, in the City, County and State of New York.

23. Neither LESLIE ORTEGA nor RICHARD TREJO was indicted by a Grand Jury.

24. On July 25, 2006, all charges against plaintiffs were dismissed.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

25. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiffs LESLIE ORTEGA and RICHARD TREJO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. As a result of defendants' aforementioned conduct, plaintiffs LESLIE ORTEGA and RICHARD TREJO were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

33. As a result of the foregoing, plaintiffs' liberty were restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants strip-searched plaintiffs LESLIE ORTEGA and RICHARD TREJO in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

36. As a result of the foregoing, plaintiffs LESLIE ORTEGA and RICHARD TREJO were subjected to an illegal and improper strip-search.

37. The foregoing unlawful cavity search and strip-search violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants misrepresented and falsified evidence before the District Attorney.

40. Defendants did not make a complete and full statement of facts to the District Attorney.

41. Defendants withheld exculpatory evidence from the District Attorney.

42. Defendants misrepresented and falsified evidence before the Grand Jury.

43. Defendants did not make a complete and full statement of facts to the Grand Jury.

44. Defendants withheld exculpatory evidence from the Grand Jury.

45. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Ortega and Mr. Trejo.

46. Defendants lacked probable cause to initiate criminal proceedings against Mr. Ortega and Mr. Trejo.

47. Defendants acted with malice in initiating criminal proceedings against Mr. Ortega and Mr. Trejo.

48. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Ortega and Mr. Trejo.

49. Defendants lacked probable cause to continue criminal proceedings against Mr. Ortega and Mr. Trejo.

50. Defendants acted with malice in continuing criminal proceedings against Mr. Ortega and Mr. Trejo.

51. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor on July 25, 2006, when all charges against them were dismissed.

52. As a result of the foregoing, plaintiffs' a liberty was restricted for an extended

period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983**

53.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants issued legal process to place plaintiffs LESLIE ORTEGA and RICHARD TREJO under arrest.

55.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

56.     Defendants acted with intent to do harm to plaintiffs without excuse or justification.

57.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

**SIXTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

58.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59.     Defendants created false evidence against plaintiffs LESLIE ORTEGA and RICHARD TREJO.

60.     Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

61.     In creating false evidence against plaintiffs LESLIE ORTEGA and RICHARD

TREJO, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiffs's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

63. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "62" as if the same were more fully set forth at length herein.

64. Defendants arrested and incarcerated Mr. Ortega and Mr. Trejo in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs's liberty, well-being, safety and constitutional rights.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    a) fabricating evidence against innocent persons erroneously arrested during buy-

and- bust operations;

b)  arresting innocent persons wrongfully apprehended during buy-and-bust operations; and

c)  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

68. The existence fo the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Frank Brandon v. City of New York**, United States District Court, Southern District of New York, 07 CV 8789;

- **Terrance Burton v. City of New York,** United States District Court, Southern District of New York, 06 CV 6884;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Prince Green et al. v. City of New York**, United States District Court, Southern District of New York, 06 CV 2062;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Angel Vasquez v. City of New York**, United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013.

69. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs LESLIE ORTEGA and RICHARD TREJO.

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by LESLIE ORTEGA and RICHARD TREJO as alleged herein.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by Plaintiffs LESLIE ORTEGA and RICHARD TREJO as alleged herein.

72. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs LESLIE ORTEGA and RICHARD TREJO were unlawfully incarcerated and deprived of their constitutional rights.

73. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs LESLIE ORTEGA and RICHARD TREJO.

74. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' LESLIE ORTEGA and RICHARD TREJO's constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiffs LESLIE ORTEGA and RICHARD TREJO of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from seizure and arrest not based upon probable cause;

  C. To be free from unlawful strip searches;

  D. To be free from unwarranted and malicious criminal prosecution;

  E. Not to have cruel and unusual punishment imposed upon them; and

  F. To receive equal protection under the law.

76. As a result of the foregoing, plaintiffs LESLIE ORTEGA and RICHARD TREJO are entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) each and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00) each.

**WHEREFORE**, plaintiffs LESLIE ORTEGA and RICHARD TREJO demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   October 30, 2007

            BY:_____/S_____
              JON L. NORINSBERG (JN-2133)
              Attorney for Plaintiffs
              225 Broadway, Suite 2700
              New York, N.Y. 10007
              (212) 791-5396