UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LESLIE ORTEGA and RICHARD TREJO,

                              Plaintiffs,

          -against-

THE CITY OF NEW YORK, DET. ANGEL
DALIZ, Shield No. 6826, Individually and in his
Official Capacity, U.C. "JOHN DOE", Individually
and in his Official Capacity, (the name John Doe
being fictitious, as the true names are presently
unknown),

                              Defendants.

**ANSWER**

07-CV-9688 (LTS)(RLE)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------x

        Defendants City of New York and Detective Angel Daliz, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint respectfully allege, upon information and belief, as follows:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as set forth therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court.

        4.     Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to properly base venue as stated therein.

5. The allegations set forth in paragraph "5" of the Complaint are not averments to which a response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter for a general statement of the functions of the Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that Detective Angel Daliz was employed by the New York City Police Department.

10. The allegations set forth in paragraph "10" of the Complaint constitute legal conclusions to which no response is required.

11. Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no responses is required.

12. Paragraph "12" of the Complaint sets forth conclusions of law rather than averments of fact and accordingly no responses is required.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24," as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30," as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "33," as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37," as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. In response to the allegations set forth in paragraph "53" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "52," as if fully set forth herein.

54. The allegations set forth in paragraph "54" of the Complaint constitute legal conclusions to which no response is required.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. In response to the allegations set forth in paragraph "58" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "57," as if fully set forth herein.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "62," as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. Denies the allegations set forth in paragraph "65" of the Complaint.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint and all subparts.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

- 6 -

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. Denies the allegations set forth in paragraph "72" of the Complaint.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. Denies the allegations set forth in paragraph "75" of the Complaint and all subparts.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Plaintiffs have failed to comply with New York General Municipal Law § 50.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Punitive damages cannot be assessed against the City of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. There was probable cause for plaintiffs' purported arrest/detention/search and/or prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. The incidents set forth in the Complaint was provoked by plaintiffs.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

82. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

83. This action is barred in whole or in part by the applicable statutes of limitations.

- 8 -

**WHEREFORE**, defendants City of New York and Detective Angel Daliz requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 22, 2008

                                              **MICHAEL A. CARDOZO**
                                              Corporation Counsel of the
                                              City of New York
                                              Attorney for Defendants City of New York
                                              and Detective Angel Daliz
                                              100 Church Street
                                              New York, New York  10007
                                              (212) 788-0845

                                              By:  /s/ Hugh A. Zuber                 .
                                                    HUGH A. ZUBER
                                                   Assistant Corporation Counsel

To:   Jon Norinsberg, Esq.
      *Attorney for Plaintiff*
      225 Broadway, Suite 2700
      New York, New York 10007
      (212) 791-5396

Index No. 07-CV-9688 (LTS)(RLE)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| LESLIE ORTEGA and RICHARD TREJO,<br><br>                              Plaintiffs,<br><br>                -against-<br><br>THE CITY OF NEW YORK, DET. ANGEL DALIZ, Shield No. 6826, Individually and in his Official Capacity, U.C. "JOHN DOE" , Individually and in his Official Capacity, (the name John Doe being fictitious, as the true names are presently unknown),<br><br>                            Defendants. |
| |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>   *Attorney for Defendants City of New York and*<br>   *Detective Angel Daliz*<br>   *100 Church Street*<br>   *New York, N.Y.  10007*<br><br>   *Of Counsel:  Hugh A. Zuber*<br>   *Tel:  (212) 442-0832*<br>   *NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.  ......................................................, 200......*<br><br>*.......................................................................... Esq.*<br><br>*Attorney for...............................................................* |